## EXHIBIT 1:

## DECLARATION

Pursuant to 28 U.S.C.§ 1746, and FRCP Rule 65, I hereby declare that I am competent to testify on the matter stated:

## Background:

1. January 25, 2017, I was convicted at trial of 12 counts of 18 §1001(a) (making a material false statement) from allegations originating 2011-2012. I was sentenced June 15, 2018, to 12 months' incarceration and two years of supervised release.

2. I have steadfastly contested what I maintain is a wrongful conviction. I never made the statements contained in the indictment—I am innocent as a matter of fact and law. I continue to claim ineffective assistance and misconduct of trial counsel, as well as prosecutorial and judicial misconduct. I deserve the restoration of my Constitutional right to dismissal of the false charges or a fair trial.

3. I was ordered to and reported to the Federal Detention Center (FDC) Philadelphia on January 3, 2022, where I served my sentence as an exemplary inmate until August 2, 2022. My original statutory release date was January 1, 2023. The entire sentence calculation data as of August 1, 2022 (my last day at FDC Philadelphia) is contained in Exhibit 3 (Sentence Monitoring Computation Data).

4. My current release date is incorrectly calculated as December 17, 2022. The correct release date, adjusted for First Step Act (FSA) credits should be September 2, 2022.

5. I was eligible for release to home confinement pursuant to the CARES Act as of March 23, 2022, but during the Bureau of Prisons (BOP) release process was detained by an illegal 17-year-old warrant and outstanding charges (INF052038) by the Riverside, California District Attorney.

6. The situation was exacerbated by failure of BOP to follow mandated procedure upon my January 3, 2022, admittance to the facility. In contravention of federal law and BOP policy (Correctional Systems Manual, Chapter 6), FDC Philadelphia failed to invoke the USCS Interstate Agreement on Detainers Act. I commenced the BOP administrative remedy starting in April 2022, which was subsequently mishandled/rejected July 11, 2022.

7. After a June 15, 2022, hearing in Indio, California, the warrant and outstanding charges were ruled unconstitutional by the Riverside County Superior Court and dismissed in the interest of justice; the district attorney was ordered to rescind the warrant and dismiss the charges.

8. BOP recommenced processing my release, and six weeks later, August 2, 2022, released me to home confinement (under the auspices of the Northeast Residential Reentry Management Field Office, acting through the District of Maine Probation Office) to the home I own at 371 Thistle St., Oxford County, Upton, Maine. (My permanent residence is 114 Lake

Umbagog, Errol, NH, an off-grid location that was determined by the New Hampshire probation officer Scott Davidson to be unacceptable for home confinement.)

9. During the past 77 months of my being held in federal custody, I have been 100% compliant with the New Hampshire District Court and the Maine and New Hampshire Probation officers; I have made every Court appearance (more than 100 miles, even in inclement weather), drove myself more than 500+ miles to report to FDC Philadelphia. There have been zero behavioral questions or incidents over the past six and a half years.

10. In September 2020, I was removed from post-trial supervision as a result of the New Hampshire probation office's own motion (uncontested by the government) until I reported to FDC Philadelphia January 3, 2022.

11. I have no prior convictions. I am a graduate of the United States Naval Academy and a former United States Marine Corps Captain with an Honorable Discharge. I have lived my entire life with honor and integrity. I will continue to challenge this wrongful conviction until I am exonerated.

**First Step Act Credits and Sentence Reduction**

12. It is from this present home confinement that I seek to be released no later than September 2, 2022, in accordance with the statutory requirements. I have earned 105 First Step Act (FSA) credit days (15 days per month) during seven months' incarceration at FDC

Philadelphia. However, only 15 of those days have been credited thus far (Ex. 3), resulting in a deficit of 90 days to date.

13. As of August 31, I will have earned additional 15 days of credit to total 120 days' reduction of my sentence, resulting in a corrected release date of September 2, 2022.

14. Pursuant to Congress having passed the First Step Act of 2018, and as reflected in Exhibit 3 and Exhibit 4 (Individualized Needs Plan-Program Review 7/25/22), to earn the maximum reduction to my original sentence (credits that legally and definitively abbreviate my sentence), in addition to maintaining my minimum recidivism risk, I have applied and successfully completed every available activity and program and met every other FSA requirement from January to August 2022. The legal basis for my eligibility for FSA credit days is substantiated in the attached memorandum of law.

## **BOP Failure to Calculate FSA Credits**

15. While at FDC Philadelphia, I (and my fellow FSA-eligible inmates) repeatedly asked for FSA credits to be manually updated, but we were told that only the BOP's department of Designation & Sentence Computation in Grand Prairie, Texas could provide that service.

16. August 8, 2022, shortly after my return to Maine, I emailed both BOP's Designation and Sentence and the Northeast Residential Reentry Management Offices to inquire and received a reply August 9, 2022, that there was no date available by which FSA credits would be calculated (Exhibit 5. URGENT: Request: First Step Act Credit Manual Calculation).

17. My District of Maine probation officer, Belinda Krouse, stated August 3, 2022, that neither she, nor anyone in her office had the ability to calculate FSA credits.

18. As a last-ditch effort, on August 22, 2022, I called the Pharos House, the federal residential reentry center (halfway house) in Portland, ME, and spoke with the director's office. I was told the facility could not calculate my FSA credits for me. When I mentioned that I intended to petition the court, I was told, "That's probably your best bet."

19. I check the BOP website inmate locator daily to see if my FSA credits have been calculated to reflect the corrected release date. My release date is still incorrect: December 17, 2022 (Exhibit 6 BOP Inmate Locator Screen Shot).

## **Stipulation**

20. In the process of affecting service of this motion, I will seek a stipulation from the United States Attorney, District of Maine.

## **Temporary Relief Criteria**

21. Although I am requesting an FRCP Rule 65 temporary restraining order, I am nonetheless in good faith serving the United States Attorney with a copy of this motion at the time of filing with the Court.

22. I greatly appreciate the assistance of the Court in releasing me timely from incarceration. Every day away from my work at my home/shop is a financial hardship for my family.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 24th day of August, 2022.

*Suzanne Brown*