## EXHIBIT 2:

## MEMORANDUM OF LAW

### Summary:

January 22, 2022, marked the mandatory date by which accumulated FSA Credits (retroactive to date of FSA passage) are required to be calculated and attributed to inmates by BOP (First Step Act of 2018 Final Rule).

By its own admission to Congress and the public (Ex. 6, "Bureau Of Prisons Holding Inmates For Longer Than Law Allows"; Forbes, Pavlo, July 6, 2022), as well as through its response to Plaintiff inquiry/request (Ex. 6), the agency has not fully complied, hence the current FSA credit deficit of 90 days, which will increase to an additional 105 days as of September 1, 2022, resulting in the reduction of the final statutory release date from December 17, 2020 to September 2, 2022.

### Jurisdiction and Venue:

Plaintiff brings this action under 28 U.S.C. §§ 2241(a), (c)(1), 2242, and 2243. Plaintiff further invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1651, 2201, and 2202. This Court has authority under 28 U.S.C. § 2241 to grant a writ of habeas corpus.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) and §2241. Plaintiff is currently in home-confinement custody in the District of Maine.

## Structure of the Case:

This is a simple matter of calculating FSA credits, deducting the days, and correcting a sentence to affect a timely release September 2, 2022.

For the Court to exercise jurisdiction in this petition requires categorization or characterization of the case pursuant to 28 US Code Chapter 153 (Habeas Corpus).

Due to the novelty of the First Step Act, especially the January 22, 2022, commencement date of mandatory credit calculation, this claim appears to either fall under the 28 USC 2255(e) (savings clause) or 28 USC 2241. [Challenges to sentence computation errors made by prison officials. See *Setser v. United States*, 566 U.S. 231 (2012)(challenge to calculation of credit for time served appropriately brought under 28 USC 2241); *Reno v. Koray*, 515 U.S. 50 (1995)(same)].

It is Plaintiff's respectful request, in order to prevent actual or imminent irreparable injury, that this Court promptly orders the matter to proceed under the proper statute and take a common-sense approach to applying First Step Act time credits, as was done in the only similar case recorded to date: *Stewart v. Snider*, 1:22-cv-294-MHH-JHE (N.D. Ala. Jun. 6, 2022). All other related cases nationwide appear to have been deficient due to ripeness, having been filed prior to January 22, 2022. before FSA credits were required by law to be deducted from statutory sentences.

15

Plaintiff will also, in the process of affecting service of this motion, seek a stipulation from the United States Attorney, District of Maine.

Swift judicial action in this matter to correct BOP's failure to calculate credits will prevent protracted litigation, the irreparable hardship of excessive incarceration, provide Plaintiff equal protection under the law, and serve the public interest (as Congress intended).

## First Step Act and Final Rule

In 2018, Congress and the President ratified the First Step Act (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

This legislation was further developed and clarified January 18, 2022, by the First Step Act Credits Final Rule DEPARTMENT OF JUSTICE Bureau of Prisons 28 CFR Parts 523 and 541 [BOP–1176P] RIN 1120–AB76 FSA Time Credits.

Relevant highlights:

*"The FSA provides that "[a] prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. 3632(d)(4)(A)(i). An inmate determined to be at a "minimum or low risk for recidivating" who, "over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. 3632(d)(4)(A)(ii).*

*"It is important to note, however, that temporary interruptions in participation that are unrelated to an inmate's refusal or other violation of programming requirements, such as the unavailability of a recommended program or activity or its full enrollment, or interruptions authorized by the Bureau, will not affect the inmate's ability to earn Time Credits."*

16

*"However, under the FSA (18 U.S.C. 3624(g)), even if earned, Time Credits may not be applied to prerelease custody until:*

* *The amount of earned Time Credits is equal to the remainder of the inmate's imposed term of imprisonment;*
* *The inmate has demonstrated a reduced risk of recidivism or maintained a minimum or low recidivism risk during his or her term of imprisonment;*
* *The remainder of the inmate's imposed term of imprisonment has been computed under applicable law (e.g., Good Conduct Time Credit under 28 CFR part 523 has been applied, eligibility for early release consideration under Residential Drug Abuse Treatment Program regulations in 28 CFR part 550 has been evaluated, etc.); and*
* *The inmate has been determined to be at a minimum or low risk of recidivating based on his or her last two assessments, or has had a petition to be transferred to prerelease custody approved by the warden.*

*Similar requirements exist under the FSA for application of earned Time Credits to transfer to supervised release. Time Credits may not be applied to transfer to supervised release under 18 U.S.C. 3624(g) unless:*

* *The amount of earned Time Credits is equal to the remainder of the inmate's imposed term of imprisonment;*
* *The inmate's sentence includes a period of supervised release to be served after his or her term of imprisonment;*
* *The inmate's latest risk and needs assessment shows that he or she is at a minimum or low risk of recidivating; and*
* *The application of Time Credits would not result in starting the period of supervised release more than 12 months before he or she would otherwise be eligible to do so (i.e., any amount of earned Time Credits in excess of 12 months would be applied to prerelease custody). See Nathan James, U.S. Congressional Research Service, The First Step Act of 2018: An Overview (2019), at 5–6.*

*The Bureau assures commenters that FSA Time Credits will be applied to early transfer to supervised release, as authorized by the FSA in 18 U.S.C. 3632(d)(4)(C) and 18 U.S.C. 3624(g). See 2020 Annual Report at 39–44. The Bureau intends to adhere to the parameters of the FSA to permit application of Time Credits toward transfer to supervised release pending development of policy, in individual cases as appropriate. COMMENT: Earning FSA Time Credits should continue in Residential Reentry Centers and/or while in home confinement. ..."the Bureau agrees that inmates in prerelease custody—whether in a residential reentry center (RRC) or on*

*home confinement—are eligible to earn FSA Time Credits under 18 U.S.C. 3632(d)(4)(A), which they could presumably apply, under 18 U.S.C. 3632(d)(4)(C), toward transfer to supervised release."*

*"....". It further mandated that BOP was required to calculate credits as of January 22, 2022, following with the mandatory release of prisoners whose release date.*

## Administrative Remedy Exemption

The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions. 42 USCA 1997e(a) *Ross v. Blake*, 578 U.S. ___ (2016)

In this case, the above exhaustion requirement poses no bar, as through no fault of Plaintiff; there are no viable administrative remedies "available" to pursue the agency grievance process for the following reasons:

1. *Futility:* The BOP administrative remedy process consists of a series of escalating petitions and appeals submitted to and from prison authorities in intervals of at least 20 days [BOP BP-8.5 Informal); BP-9 (Level I Warden); BP-10 (Level II Regional); BP-11 (Level III General Counsel). Plaintiff was released to home confinement August 2, 2022; the adjusted release date with FSA credited days is September 2, 2022.

    As of September 1, 2022, the amount of earned Time Credits will be equal to the remainder of Plaintiff's imposed term of imprisonment. Thirty (30) days of home confinement is not enough time to avoid irreparable injury by having to navigate a process that typically takes several months, and would most likely not even be completed by the currently computed release date of December 17, 2022.

2. *Delay:* Plaintiff was not able to file this motion from FDC Philadelphia, anticipating that with impending release from the facility to home confinement in Maine, the Eastern District of Pennsylvania would not have been the proper venue.

18

Having arrived in the proper jurisdiction, District of Maine, August 2, 2022, Plaintiff needed time to learn the local Maine District Court Rules (not included in FDC Philadelphia's digital law library), conduct extensive legal research, and write this motion in a professional manner.

Plaintiff did not delay in preparing this motion.

3. *Statutory Construction:* This matter turns entirely on the clear mandate of the First Step Act of 2018—especially the Final Rule, of which Congress expected BOP to be in full compliance no later than January 22, 2022. BOP is not in full compliance to the impending detriment of Plaintiff.

4. *Non-Availability of Administrative Resources:* There are no BOP resources available from the home confinement setting, nor available from the probation officials in this case. District of Maine Probation and Pretrial Services does not engage in the administrative remedy process.

Each of the BOP administrative remedy forms is a carbon quadruplicate, housed in federal facilities to which Plaintiff no longer has access. There is also no administrative support in home confinement for the number of copies of attachments and other aspects of the administrative remedy process that the facility unit team provides.

Thus, this motion clears multiple hurdles obviating administrative exhaustion, and should be granted summarily.

## Substantiation for Temporary Restraining Order and Preliminary Injunction

Plaintiff has a Constitutional right to be released from incarceration to prevent the actual injury of extended imprisonment and begin supervised release no later than September 2, 2022, ostensibly before the government may object in writing and/or at hearing. [FRCP Rule 65(b)(A)... immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.; [Lewis v. Casey, 518 U.S. 343 (1996), ...in order to get an injunction, a prisoner must show "actual or imminent injury."]

## **Summary Judgment—Statement of Material Facts:**

Plaintiff asserts there is no genuine dispute or fact as to any material fact and the movant is entitled to judgment as a matter of law by and through the following:

1. Plaintiff was originally sentenced to 12 months' federal incarceration (Ex. 3)

2. Plaintiff's incarceration date was January 3, 2022 (Ex. 3 )

3. Plaintiff's original statutory release date was January 1, 2023 (Ex. 3)

4. Plaintiff will have served eight months of detention as of September 1, 2022. (Ex. 3)

5. Plaintiff is eligible. meeting all BOP criteria, for First Step Act credits. (Exs. 3 and 4)

6. First Step Act provides 15 days' credit for every month of activity participation while maintaining risk level (First Step Act Final Rule, January 2022)

7. Plaintiff will have earned 120 days (15 days X 8 months) of First Step Act credits as of September 1. 2022. (Exs. 3 and 4)

8. Original release date of January 1, 2023, minus 120 days' adjustment, results in corrected release date of September 2, 2022. (Ex. 3)