UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SUZANNE BROWN, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | )   2:22-cv-00259-JAW |
| | ) |
| KIMBERLY RIEGER, et al., | ) |
| | ) |
| Respondents | ) |

**RECOMMENDED DECISION ON MOTIONS
FOR EMERGENCY INJUNCTIVE RELIEF**

Petitioner, who is serving a federal sentence, commenced this action seeking her immediate release from custody. Petitioner is currently serving her sentence in home confinement in the District of Maine.[1] Petitioner maintains that she is entitled to release based on the good time credits she has accumulated under the First Step Act.

---

[1] The Court has jurisdiction over Petitioner's habeas petition due to her current confinement in this district. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). The warden, or here the Bureau of Prisons, need not always be present in the district where the petition is filed. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973), the Supreme Court rejected an inflexible approach to ascertaining a district court's jurisdiction over habeas petitions. In the course of reviewing a jurisdictional concern dissimilar to the one generated here, the Court discussed at length and preserved in part the holding of *Ahrens v. Clark*, 335 U.S. 188 (1948), to the effect that prisoners presently confined in one state based on federal authority exercised in another state may "challenge[] their detention by bringing an action [in the state of confinement] against the federal officials who confined them in that district". *Braden*, 410 U.S. at 494-95. *See also*, *cf. Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) ("The district of sentencing does not have jurisdiction to consider the merits of a § 2241 petition, unless the petitioner *or* his custodian is also located there.") (emphasis added). The Bureau of Prisons relocated Petitioner from incarceration at FDC Philadelphia to home confinement in Maine. The District of Maine is thus the district of confinement under the Bureau of Prisons' Federal Location Monitoring Program.

Because she was seeking relief from custody and cited in part 28 U.S.C. § 2241, the court docketed Petitioner's filing as a request for habeas relief. (Petition, ECF No.1.) In her filing, Petitioner requested emergency injunctive relief through a motion for temporary restraining order and a motion for preliminary injunction. (Motions, ECF No. 4.) Petitioner also subsequently reiterated her request for immediate release. (Motions, ECF No. 8, 11.)

Upon the filing of the petition, because Petitioner alleged that she had "repeatedly asked" for her credits to be updated, but had not received an update, the Court directed the Office of United States Probation and Pretrial Services for the District of Maine, which evidently is responsible for monitoring Petitioner while assigned to home confinement in Maine, to obtain the Bureau of Prisons' credit calculation for Petitioner and Petitioner's projected release date.[2] (Order, ECF No. 5.) The report, filed on August 31, 2022, revealed that a current calculation of Petitioner's credits was not available due to a conversion of the Bureau's information system, but that the Bureau expected to be able to provide an update within a couple of weeks. (Status Report, ECF No. 6.) The Court directed the Office of United States Probation and Pretrial Services to provide a further update by September 15, 2022. According to the second status report, Petitioner's anticipated release date, with credits applied, is December 17, 2022. (Status Report, ECF No. 9.)

---

[2] I also ordered this information from the Bureau because Petitioner's filing did not "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(B).

## DISCUSSION

After a court imposes a sentence, the Bureau of Prisons is responsible for the calculation of the sentence. *See* 18 U.S.C. § 3624(a)-(b); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). Petitioner may challenge the calculation through a § 2241 motion. *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015).[3]

To obtain the emergency injunctive relief she seeks, Petitioner must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Petitioner's request is supported mostly by her uncorroborated assertions as to the amount of credit to which she is entitled. Petitioner's assertions revealed a potential disagreement between Petitioner and the Bureau of Prisons as to the calculation of good time credits. The information the Bureau provided confirmed the disagreement. To this point, Petitioner has not provided a sufficient record upon which the Court could conclude

---

[3] When a petitioner challenges the calculation of good time credit, the petitioner typically must exhaust the administrative remedies available through the Bureau of Prisons before the petitioner can initiate a habeas action. *McKinney v. United States*, No. 1:18-cr-00084-JAW-3, 2022 WL 1997242, at * 3 (June 6, 2022) (collecting cases). Petitioner asserts that there "are no viable administrative remedies 'available.'" (Memorandum of Law at 18, ECF No. 1-2.) Because exhaustion is an affirmative defense and thus is not raised at this stage of the proceedings, I make no determination as to the availability of an administrative remedy for the relief Petitioner seeks.

that her contention – that the Bureau of Prisons has not properly calculated her good time credit – is more likely to prevail than the Bureau's position. "The sine qua non of [the] four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). There is thus no need to address the other factors. Because she has not established a likelihood of success on her claim, Petitioner is not entitled to emergency injunctive relief.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Petitioner's requests for emergency injunctive relief. (Motion for Temporary Restraining Order, ECF No. 4; Motion for Preliminary Injunction, ECF No. 4; Motion for Immediate Release, ECF No. 8; Motion for Emergency Preliminary and Permanent Injunction, ECF No. 8 Motion for Immediate Release, ECF No. 11; Motion for Emergency Preliminary and Permanent Injunction, ECF No. 11.) [4]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[4] Because the Office of Probation and Pretrial Services is evidently only managing the equipment and scheduling within the Bureau of Prisons' Federal Location Monitoring Program (Status Report, ECF No. 6) and because the record does not reflect that the other named defendant, the Bureau of Prisons Northeast Residential Reentry Management, is a separate legal entity, Petitioner arguably has not joined the necessary party to obtain relief. The Court could conceivably deny emergency injunctive relief on that basis. Given the time-related issues presented by Petitioner's requests and the fact that the proper respondent can likely be identified, I do not recommend denial on that basis. With counsel now appointed for Petitioner, I expect the issue of the proper respondent will be addressed soon.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                       /s/ John C. Nivison
                                       U.S. Magistrate Judge

Dated this 22nd day of September, 2022.