UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SUZANNE BROWN, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>KIMBERLY RIEGER, et als., )<br>)<br>    Respondents )   | 2:22-cv-00259-JAW |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on November 18, 2022 his Recommended Decision (ECF No. 29), recommending that the Court deny Suzanne Brown's Petition for Writ of Habeas Corpus (ECF No. 1). The Petitioner filed her objection to the Recommended Decision on November 22, 2022 (ECF No. 30) (*Pet'r's Objection*) and the Government filed its response to the objection on the same day (ECF No. 31) (*Gov't's Opp'n*). The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determines that no further proceeding is necessary.

The Court addresses Ms. Brown's objections to explain its decision. Her two objections are that: (1) a recently issued Bureau of Prisons (BOP) Program Statement purportedly indicates that time credits must be applied to early release, rather than

home confinement; and (2) BOP must manually recalculate her credits to allow her to effectively comment whether they were properly applied. *Pet'r's Objection* at 2-4. The Court is sympathetic to Ms. Brown's position and agrees with the Magistrate Judge that "Petitioner's confusion and frustration are understandable. . .." *Recommended Decision* at 14. Indeed, according to the Magistrate Judge, the BOP attorney once informed Ms. Brown that she could be eligible for release as early as September 17, 2022. *Id.* at 5-6.

Ultimately, however, the Court concurs with the Magistrate Judge that the decision to retroactively apply a majority of Ms. Brown's credits to her home confinement rather than early release was permissible because "the statute grants BOP considerable discretion in the allocation of FSA credits between prelease custody and early supervised release" and thus "[i]n the absence of a directive restricting BOP's discretion in this context, despite the somewhat unique circumstances of Petitioner's case, Petitioner has not established that she is entitled to the relief she seeks." *Id.* at 17-18.

Ms. Brown does not disagree with the Magistrate Judge's interpretation of the statute. *See Pet'r's Objection* at 2 (Ms. Brown "does concede that the statute . . . as the Court has properly outlined, is what the plain language of the statute is. The Court is reading the plain language of the law correctly"). Instead, she objects to "how the [BOP] is handling the cases and is changing their position on an almost daily basis." *Id.* Her objection primarily focuses on a Program Statement issued by the BOP on November 18, 2022, providing guidance on the application of time credits.

2

*See Pet'r's Objection*, Attach 1 (ECF No. 30-1) (*BOP Program Statement*). Ms. Brown's objection hones in on an instruction regarding credit application that states "[f]or inmates who meet [certain] criteria, up to 365 days of earned [credits] will be automatically applied to early release." *Id.* at 16. Ms. Brown concludes that "this instruction does not seem permissive as the statute contemplates; the Director of the BOP appears to be providing a direct instruction that inmates with [credits] will be put on supervised release. The instructions are *very* clear, even if the statute has permissive language." *Pet'r's Objection* at 3 (emphasis in original).

The Court disagrees with this interpretation. The language Ms. Brown cites is found in Section 10(d) of the statement, which outlines the conditions under which "[BOP] *may* apply [credits] toward early transfer to supervised release." *BOP Program Statement* at 16 (emphasis added). Section 10(a), however, outlines in general "How Time Credits *may* be applied," instructing that "[BOP] *may* apply [credits] toward prelease custody or supervised release as described in paragraphs (c) and (d) of this section." *Id.* at 13 (emphasis added). The Program Statement does not say BOP *must* apply the credits under the section Ms. Brown has highlighted (10(d)) toward supervised release; it says BOP *may* apply them. In the Court's reading, this instruction is permissive and fits within the broader guidance in the Statement's Background section that credits may be applied to early release "at the discretion of the Director of the Federal Bureau of Prisons." *Id.* at 2.

Additionally, even if the Court agreed with Ms. Brown that BOP was required to apply any outstanding credits to early release, it is not convinced that she has any

credits to apply. "Even assuming Petitioner had participated in eligible programming on every single day she was incarcerated, she would be entitled to 106 days of FSA credits." *Recommended Decision* at 6. Working with a calculation that Ms. Brown had ninety credits, BOP stated that it would apply fifteen to early release and the remaining seventy-five would be applied retroactively to the 137 days of home confinement she was expected to serve between August 2, 2022 and her expected release date of December 17, 2022. *Id.* at 6. The Magistrate Judge found that this decision was "not necessarily unreasonable" because "the early home confinement decisions made pursuant to the CARES Act were temporary emergency measures [and thus] the retroactive allocation of FSA credits to home confinement for some individuals, like Petitioner, does not necessarily undermine the statute's objective." *Id.* at 15.

The Court agrees and finds that this decision to retroactively apply the credits was well within BOP's discretion. Of course, it would have been better if the Government had responded to Ms. Brown's reasonable request in her objection for a final accounting of her credits. *See also id.* at 13 n.4 (the Magistrate Judge noted that "BOP . . . has not explained why its September 2022 manual calculation resulted in ninety credits, whereas its latest calculation resulted in only eighty credits)." However, even if Ms. Brown were entitled to the maximum cited total of 106 credits, it would be within BOP's discretion to still apply fifteen to her release date and the remaining ninety-one retroactively to her home confinement since August 2, 2022. *See id.* at 6 ("[t]he other seventy-five FSA credits were 'accounted for' within the 137

days of prelease custody (home confinement) that Petitioner would serve between August and December 17, 2022").

In sum, the Court agrees with and affirms the Magistrate Judge's decision that BOP acted within its statutory discretion and thus "despite the somewhat unique circumstances of Petitioner's case, Petitioner has not established that she is entitled to the relief she seeks." *Id.* at 18.

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (ECF No. 29) be and hereby is AFFIRMED.

2. It is further ORDERED that the Suzanne Brown's Petition for Writ of Habeas Corpus be and hereby is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of November, 2022